Carolyn Perkins, Esq. (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
Telephone: (801) 405-9954
E-mail: cperkins@12law.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
E-mail: Lfuller@fullerfuller.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN FISHER, Individually, and ACCESS 4 ALL, INC., a Florida Non-Profit Corporation,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>SHREE HOSPITALITY LLC, a Utah Limited Liability Company,<br><br>　　　　Defendant. | **COMPLAINT**<br>(Injunctive Relief Demanded)<br><br>Case No. |

Plaintiffs, STEVEN FISHER, Individually, and ACCESS 4 ALL, INC., a Florida Non-Profit Corporation, on their behalf and on behalf of all mobility impaired individuals similarly situated (sometimes referred to as "Plaintiffs") hereby sue the Defendant, SHREE

HOSPITALITY LLC, a Utah Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, STEVEN FISHER, is an individual who resides in Stansbury Park, Utah, in the County of Tooele.

2. Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under the laws of the State of Florida. ACCESS 4 ALL, INC. maintains its principal office in the County of Los Angeles.

3. Defendant's property, Radisson Hotel Salt Lake City Airport, is located at 2177 West North Temple, Utah, 84116 in the County of Salt Lake.

4. Venue is properly located in the District of Utah because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. §2201 and §2202.

6. Plaintiff, Steven Fisher has suffered and will continue to suffer direct and indirect injury as a result of the Defendants discrimination until the Defendants is compelled to comply with the requirements of the ADA.

7. Plaintiff, Steven Fisher is a Utah resident, is *sui juris*, and qualified as an individual with disabilities as defined by the ADA. Mr. Fisher has cancer in his spine, and four metal rods in place to hold the cadaver bone in his back. He frequently needs to use a wheelchair

2

for mobility.

8. Plaintiff, ACCESS 4 ALL, INC. is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants discrimination until the Defendants are compelled to comply with the requirements of the ADA.

9. Steven Fisher, of Access 4 All, Inc., has visited the property which forms the basis of this lawsuit on December 29, 2018 through December 30, 2018 and plans to return to the property once the barriers to access are corrected, and the facility becomes fully accessible.

10. Steven Fisher, of Access 4 All, Inc., has encountered architectural barriers at the subject properties, which have endangered by safety, as set forth in paragraph 14 herein.

11. Defendant owns, lease, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, lease or leases to is a property known as Radisson Hotel Salt Lake City Airport and is located at 2177 West North Temple, Salt Lake City, Utah 84116.

12. Access 4 All, Inc. and one or more of its members, including Steven Fisher, have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-

compliance with the ADA with respect to the properties as described but not necessarily limited to the allegations in paragraph 14 of this Complaint. Plaintiffs have reasonable grounds to believe that user members will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiffs desire to visit the subject property not only to avail themselves of the goods and services available at the properties but to assure themselves that the properties are in compliance with the ADA so that the individual plaintiffs, the disability group and others similarly-situated will have full and equal enjoyment of the properties without fear of discrimination.

13. The Defendant has discriminated against the individual plaintiffs, and one or members of the Plaintiff organization, by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. *12182 et seq.

14. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Radisson Hotel Salt Lake City Airpor has shown that violations exist. These violations that Steven Fisher has personally observed or encountered, and which were verified by an ADA expert, include, but are not limited to:

### **Parking**

a) There is no accessible route to the street, sidewalks, and adjoining bus stop. Mr. Fischer's access to the hotel was in violation of ADAAG Section 4.6 and 2010 ADAS Section 402.

b) The above ground parking garage is located on slopes greater than 1:48. The access aisles are in violation of ADAAG Section 4.6 and 2010 ADAS Section 502.4. This created a dangerous condition for Plaintiff and can cause Plaintiff to fall out of wheelchair.

c) The signage in the hotel's parking garage is obstructed by parked vehicles. Mr. Fischer's ability to traverse through the parking garage was in violation of ADAAG Section 4.30 and ADAS Section 502.

d) There is no accessible route to the hotel from the parking garage spaces. Mr. Fischer's ability to navigate through the parking garage to the hotel was in violation of ADAAG 4.3 and ADAS Section 502.

e) Several accessible spaces lack compliant access aisles and/or identification signs and are not located on accessible routes to enter the building, preventing Mr. Fischer's safe unloading from vehicles and access to facilities violating ADAAG Section 4.6 and 2010 ADA Standards Section 502.

## Entrance Access and Path of Travel

f) Entrance to the hotel's elevators lacked the required maneuvering space at the elevator door. Mr. Fischer's ability to enter the elevator was in violation of ADAAG Section 4.10 and ADAS Section 407.

g) In the elevator area there is an unsecured mat. Mr. Fischer's ability to enter the elevator area was in violation of ADAAG Section 4.10 and ADAS Section 407.

h) The elevator in the hotel fails to properly level. Mr. Fischer's ability to safely enter and exit the elevator was in violation of ADAAG Section 4.10 and ADAS Section 407.2.

i) Mr. Fischer could not safely enter the hotel from the below ground parking garage due to the change of level at base of ramp to enter the hotel which violates the ADAAG Section 4.5 and ADAS Section 502.4.

j) Ramps to above ground parking lacks improper hand rails and is improperly designeds which endangered Mr. Fischer and violate ADAAG Sections 4.7 and 4.8 and 2010 ADAS Sections 405 and 406.

## Access to Goods and Services

k) Dining tables at the hotel lacked the required toe clearance which preventing Mr. Fischer's safe use and violated ADAAG Section 4.32 and ADAS Section 226.

l) Mr. Fischer did not have access to the hotel's water fountain which was in violation of ADAAG Section 4.15 and ADAS Section 211.

## Access to Common Area Restrooms

m) The hotel's lavatory lacks required pipe insulation which is in violation of ADAAG Section 4.19 and ADAS Section 603. This condition created a safety hazard to Plaintiff.

n) The hotel's lavatory mirror, soap and towel dispenser are in violation of ADAAG Section

5

4.19. These conditions denied access to Plaintiff.

o) The hotel's lavatory doors lacks the required maneuvering space to exit. Mr. Fischer was prevented from safely exiting the restroom stall which is in violation of ADAAG 4.17 and ADAS Section 404.

## Access to Guestroom Areas

p) The lamp is obstructed by furniture which is in violation of ADAAG and 2010 ADAS requirements. This condition prevented access to Plaintiff.

q) The curtain rods were inaccessible which violated ADAAG and 2010 ADAS requirements.

r) The storage closet is improperly designed which violates ADAAG and 2010 ADAS requirements.

s) The security latch is beyond reach for Plaintiff in violation of ADAAG and 2010 ADAS requirements.

t) Mr. Fischer could not exit the accessible guestroom without assistance, the door lacks maneuvering space to exit which is in violation of the ADAAG and 2010 ADAS requirements.

u) Mr. Fischer could not use thermostatic control which is beyond reach and in violation of the ADAAG and 2010 ADAS requirement.

v) The adjoining room door lacks proper hardware and maneuvering space which was obstructed by furniture and violates the ADAAG and 2010 ADAS requirements, which prevented use by Plaintiff.

w) The coffee shelf is above maximum allowable limits, which violates the ADAAG and 2010 ADAS requirements, prevented access by Plaintiff.

x) Mr. Fischer could not safely use the tub seat which is improperly designed and violates ADAAG Section 4.20 and 2010 ADAS requirements.

y) The guestroom lavatory is greater than 34" above finished floor which is in violation of ADAAG and 2010 ADAS requirements, which made use by Plaintiff difficult.

z) The guestroom mirror is greater than 40" above finished floor reflecting surface and violates ADAAG and 2010 ADAS requirements, which makes use difficult for Plaintiff.

aa) The guestroom bath tub grab bars and controls are improperly located and in violation of the ADAAG and 2010 ADAS requirements. This condition makes unassisted bathing difficult for Plaintiff.

bb) Mr. Fischer could not transfer to the water closet, the center line is less than 16" from sidewall and is in violation of ADAAG Section 4.16 and 2010 ADAS requirements.

cc) Mr. Fischer could not use the coat hooks which are above maximum allowable height and violates the ADAAG Section 4.2 and 2010 ADAS requirements.

**Maintenance**

dd) The accessible features of the facilities are not maintained, creating barriers to access for the Plaintiffs, as set forth herein, in violation of 28 CFR §36.211.

ee) The accessible guest rooms are not dispersed among the various class of accommodations offered.

15. The foregoing violations also violate the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

16. The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendants places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiffs, and all other individual members of the Plaintiff organization similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants ADA violations, as set forth above. The individual Plaintiffs, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

7

17. Defendant has discriminated against the Plaintiff's organization and member Steven Fisher by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. " 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between Plaintiffs and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

19. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities,

8

including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

22. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Radisson Hotel Salt Lake City Airport to make the facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendants to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendants to maintain its accessible features. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiffs respectfully request:

 a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

 b. Injunctive relief against the Defendants including an order to make all

9

readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Date: __March 4__, 2019

Respectfully submitted,

_/s/ Carolyn Perkins_

Carolyn Perkins, Esq. (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
Telephone: (801) 405-9954
E-mail: cperkins@12law.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
E-mail: Lfuller@fullerfuller.com

*Counsel for Plaintiffs STEVEN FISHER and ACCESS 4 ALL, INC.*